## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Albert R. Bresch

September 4, 1991

Case No. (Criminal) 7613

## By JUDGE THOMAS D. HORNE

This case came before the Court upon a Motion to Suppress certain evidence which was alleged to have been derived from an "unlawful" stop of the defendant. *Terry v. Ohio*, 392 U.S. 1 (1968). The Commonwealth contends that the questioning of the defendant was nothing more than a "street encounter" by the deputy involved. *See, Commonwealth v. Folley*, 20 Va. Cir. 361 (1990). On the other hand, Mr. Bresch contends that the stop was in fact a seizure when judged by the objective standard set forth in *Florida v. Royer*, 460 U.S. 49 (1983). That standard provides that a seizure occurs when under the circumstances a reasonable person would have believed he was not free to leave. When tested by such a standard, a sudden shining of a flashlight in a person's eyes has been held to constitute a seizure. *Moss v. Commonwealth*, 7 Va. App. 305 (1988).

Under the facts of the case, the issue of whether a seizure had occurred is determinative of the outcome of the motion. There were no articulated reasons which would have justified a "stop" or temporary detention of the defendant for investigative purposes. *Goodwin v. Commonwealth*, 11 Va. App. 363 (1990).

Deputy Davis, while on patrol in a residential subdivision located in Loudoun County, observed the defendant walking along a divided highway. His attention was drawn

to the defendant because he was walking on the wooded side of the roadway and not on the opposite side upon which there was a pedestrian walkway. Furthermore, the Deputy knew the area to have been the subject of nighttime burglaries. However, he did not believe it to be a high crime area. It was 9:00 p.m. and dark at the time.

Upon seeing the defendant, he drove his vehicle approximately one hundred yards to a point where he could make a U-turn and return to the spot where the defendant was continuing to walk. At no time did the defendant flee upon the approach of the police car. The Deputy then drove his vehicle directly in front of the defendant with his headlights shining in the defendant's face. The Deputy next asked the defendant for identification and of the location to which he was proceeding. Further conversation ensued in which the Deputy asked the defendant if he was armed. Subsequent to the defendant admitting to having a weapon and the production of the weapon, the Deputy arrested the defendant and asked where the weapon had come from. No Miranda warnings were given the defendant.

It exceeds common sense and reason to describe the initial encounter of the defendant with the Deputy as nothing more than a "street encounter." The defendant had his way blocked by a police car at night in a dimly lit area. The vehicle was positioned in such a way as to cause its lights (high beams) to shine in the defendant's eyes. There was an immediate demand for identification (which was not returned prior to the arrest) and for the destination of his travel.

Under these facts, the Court must grant the Motion to Suppress the evidence seized and statements which were the product of such an unlawful seizure.